IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EMIGRANT MORTGAGE COMPANY, INC., )
                                 )
            Plaintiff,           )
                                 )
    v.                           )    No. 09 C 7046
                                 )
PATTI A. RESA, et al.,           )
                                 )
            Defendants.          )

MEMORANDUM ORDER

Emigrant Mortgage Company, Inc. ("Emigrant") has just filed a Complaint To Foreclose Mortgage, seeking to invoke federal subject matter jurisdiction via diversity of citizenship. But because the Complaint fails in that regard (indeed, in more ways than one), this sua sponte memorandum order dismisses both the Complaint and this action for lack of such jurisdiction-- albeit with the conditional possibility of its reinstatement.

Emigrant's counsel appear to reflect obvious experience with state court foreclosure practice: They have added as defendants "Unknown Owners, Tenants and Non-Record Claimants," as is customary in that practice. More than a quarter century has elapsed since this Court identified for mortgage foreclosure practitioners how fatal to federal jurisdiction that state practice was in terms of establishing the requisite diversity (John Hancock Mut. Life Ins. Co. v. Cent. Nat'l Bank in Chicago, 555 F.Supp. 1026 (N.D. Ill. 1983)). And that of course remains good law today.

Emigrant's counsel have sought to finesse that problem by stating this in Complaint ¶1g:

> Defendants Unknown Owners, Tenants and Non-Record Claimants who are Citizens of all the States other than the State of New York are citizens of the United States of America except for the State of New York.

It is difficult to determine just what that convoluted language is intended to convey: Are counsel attempting to state that there may be "Unknown Owners, Tenants and Non-Record Claimants" who <u>are</u> New York citizens, but if so they are not made parties? If that is the goal, it defeats the purpose as a real estate title matter of including those categories in the first place; but if it is not, the allegation is oxymoronic.[1]

In that respect counsel would be better advised to omit those state-practice additions from their federal complaints entirely, instead pursuing the course that this Court recommended to counsel back in the 1980s, drawing on its own extensive experience as a lawyer in the real estate practice--that is, by clearing with their title insurers the willingness to issue policies to mortgagees clear of any such contingent claims, even without the troublesome allegations being included in the foreclosure complaints. Under the circumstances, this Court will

---

[1] As <u>John Hancock</u>, 555 F.Supp. at 1027 stated:

> It is tautological to say plaintiff cannot demonstrate "unknown owners and non-record claimants" are citizens of a state other than plaintiff's.

2

leave to counsel for future handling a determination as to the most appropriate means to make this problem a nonproblem.

Quite apart from what has been said up to now, the Complaint is fatally flawed as to a defendant that *is* identified--here is Complaint ¶1f:

> Defendant Asset Acceptance, LLC as assignee of Nicor Gas Company is a corporation incorporated under the laws of the State of Michigan and having its principal place of business in the State of Michigan.

That set of allegations, which is limited to two jurisdictionally irrelevant facts as to Asset Acceptance, LLC, ignores more than 10 years of repeated teaching from our Court of Appeals (see, e.g., Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) and a whole battery of cases since then, exemplified by Thomas v. Guardsmark, LLC, 487 F.3d 531, 533-34 (7th Cir. 2007)). And that teaching has of course been echoed many times over by this Court and its colleagues.

Until quite recently this Court was content simply to identify such failures to the lawyers representing plaintiffs in pursuance of its mandated obligation to "police subject matter jurisdiction sua sponte" (Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005)). But there is really no excuse for counsel's lack of knowledge of such a firmly established principle after more than a full decade's repetition by our Court of Appeals and others. Hence it seems entirely appropriate to impose a reasonable cost for such a failing.

Accordingly not only Emigrant's Complaint but this action are dismissed (cf. Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998)), with Emigrant and its counsel jointly obligated to pay a fine of $350 to the Clerk of this District Court if they hereafter file a timely and appropriate Fed. R. Civ. P. 59(e) motion that provides the requisite missing information that can lead to the vacatur of this judgment of dismissal.[2] Because this dismissal is attributable to Emigrant's lack of establishment of federal subject matter jurisdiction, by definition it is a dismissal without prejudice.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 12, 2009

---

[2] That fine is equivalent to the cost of a second filing fee, because a new action would have to be brought if the defect identified here turns out to be curable.